JOSEPH SWIDERSKI *et al.*, Plaintiffs-Appellants, *v.* CHICAGO TITLE AND TRUST COMPANY, Defendant-Appellee.

First District (4th Division)    No. 81-0005

Opinion filed December 23, 1981.

Gabriel A. Kostecki and Beverly E. Stanis, both of Chicago, for appellants.

William R. Yowell, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Jean H. and Joseph Swiderski, alleged that along with the settlor, Joseph Napiorkowski, they were beneficiaries of a land trust established with the defendant, Chicago Title and Trust Company (C.T.&T.). The terms of the land trust provided that the trustee had the right to resign at any time by sending a notice of its intention to do so by registered mail "to each of the then beneficiaries" at the address last known to the trustee. The Swiderskis were not sent notice when C.T.&T. resigned as trustee, and they claim that they were damaged. On motion the suit was dismissed based on the contention of C.T.&T. that the Swiderskis were not such beneficiaries under the agreement as to entitle them to notice. A more detailed background is necessary and is here related.

On March 16, 1951, Joseph Napiorkowski and his wife, Jozefa Napiorkowski, placed a parcel of real estate in a C.T.&T. land trust. The Napiorkowskis held the beneficial interest of the trust in joint tenancy. C.T.&T. and the Napiorkowskis were the only parties to this agreement.

Under relevant portions of this trust agreement, the "interest of any beneficiary" under the trust was defined as consisting of the power of direction over the title to the property; management and control of the property; and the right to receive the proceeds from rentals, mortgages, sales or other dispositions of the premises. As was stated, the Trustee was given the right to resign at any time by sending a notice of its intention to

do so by registered mail "to each of the then beneficiaries at his or her address last known to the Trustee."

On May 7, 1966, Jozefa Napiorkowski died and her husband Joseph Napiorkowski, as joint tenant, became the sole vested beneficiary of the land trust by operation of law.

On June 10, 1970, Joseph as sole vested beneficiary, amended the trust agreement with C.T.&T.'s consent. The purpose of the amendment was to provide for the passing of the beneficial interest in the land trust in case of Joseph's death. The amendment stated that:

> "Pursuant to the power vested in me by the terms of that certain trust agreement dated March 16, 1951 and known as Trust No. 34911, I hereby amend all existing provisions for the beneficial interest after my death by substituting the following in lieu thereof:
>
> > JOSEPH NAPIORKOWSKI, with full power to assign any or all right, title or interest herein or otherwise to dispose of any or all of them. In the event of the death of said JOSEPH NAPIORKOWSKI during the existence of this trust all such right, title or interest not previously assigned or otherwise disposed of shall vest equally in JEAN H. SWIDERSKI and JOSEPH SWIDERSKI, her husband, as joint tenants with the right of survivorship and not as tenants in common."

In addition to providing for the passing of the beneficial interest, the amendment also stated that Joseph Napiorkowski, as vested beneficiary, retained the right to change the future beneficiaries at his discretion. Specifically, the amendment stated:

> > "By memorandum in writing delivered to and accepted by the Trustee, any beneficiary having a vested interest hereunder shall at any time or times have the right to revoke, alter or amend the provisions of this trust agreement relative to the person or persons who may be entitled from time to time to the ownership and enjoyment of said beneficiary's interest hereunder.
>
> > All other terms and provisions of said trust agreement are hereby confirmed and remain in full force and effect."

No other changes were made in the original trust agreement. Joseph Napiorkowski continued as the sole vested beneficiary with the rights to manage, control and direct the title to the property. In addition, he retained the right to receive any profits from the land. The trustee, under the amendment, still retained its right to resign at any time with appropriate notice to the then beneficiaries.

On March 5, 1971, C.T.&T. sent a registered letter addressed to Joseph and the then deceased, Jozefa Napiorkowski, informing them of

its intention to resign as trustee. The letter was timed to coincide with the termination of the trust after 20 years. The letter stated that C.T.&T. would convey the land to a successor trustee if one were appointed within 10 days of the receipt of the registered letter. If no such successor were appointed, the letter explained that C.T.&T. would convey the title to the real estate to the present beneficiaries. There was no response to the letter within that time and on March 8, 1971, C.T.&T. reconveyed the property to Joseph Napiorkowski.

On June 28, 1971, over three months after C.T.&T.'s resignation as trustee and the reconveyance of the property, a letter signed by Stanley Stoller, attorney for Joseph Napiorkowski, and a copy of a new trust agreement, which gave Joseph Napiorkowski, Jean Swiderski and Joseph Swiderski the beneficial interest in the trust as joint tenants, were sent to C.T.&T. The beneficial interest as defined by the document would entitle the three named parties to the "earnings, avails and proceeds of the real estate." This second trust agreement was never signed by either Joseph Napiorkowski or the title company.

On Janury 23, 1972, Joseph Napiorkowski died. At that point in time, the land trust had been terminated and the land reconveyed. Joseph was the sole owner in fee simple of the parcel of land which had been the trust res.

Following Joseph Napiorkowski's death, a chain of events ensued which indicate that the plaintiffs remained unaware that the land trust had been permanently terminated. Similarly, the defendant continued to act as if it still administered the nonexistent trust. The facts relating to this chain of events are not stated here because they are irrelevant to the issue raised in the immediate appeal.

The function of the court is to construe the trust agreement as amended at the time C.T.&T. sent its notice of resignation. (Williston, Contracts §601, at 303 (3d ed. 1961).) The issue before us is who was the beneficiary within the contemplation of the parties under the agreement. The trustee, C.T.&T., and Joseph Napiorkowski were the only parties to the agreement. The crux of the Swiderskis' argument is that they had a remainder interest under the agreement; that anyone who has any interest in a land trust, regardless of how small or minimal, is a beneficiary; and therefore they were entitled to notice under the terms of the trust agreement. We believe that Joseph Napiorkowski, alone, was the beneficiary under the agreement and the only one entitled to notice.

The trust agreement speaks in terms of the "then beneficiary." The word "beneficiary" as used in the agreement refers specifically to that person who had the "power of direction to deal with the title to said property and to manage and control said property * * * and the right to receive proceeds from rentals and from mortgages, sales, or other

dispositions of said premises * * *." Only Joseph Napiorkowski had these powers.

In addition, the word "then" as used in the agreement refers specifically to that person who held these powers at the time of the trustee's resignation. Again, only Joseph Napiorkowski held these powers at that time. Since the Swiderskis would only succeed to these powers if Joseph Napiorkowski were to die while still a beneficiary of the trust, they could not be the "then beneficiaries" referred to by the agreement.

Furthermore, the purpose of sending notice in case of the trustee's resignation under the trust agreement was to inform that person who would receive title to the property that the property would be reconveyed to him unless he took some alternate action. Under the terms of the trust agreement, Joseph Napiorkowski was the only person who would receive the reconveyed property or was empowered to take alternate action. Therefore, notice of termination to the Swiderskis would serve no purpose under the agreement.

Further support for the conclusion that notice to the Swiderskis of the trustee's resignation was not intended under the agreement can be found in the fact that the Swiderskis were not entitled to notice under the terms of the agreement if they were terminated as successor beneficiaries. We do not believe it reasonable to conclude that an agreement which excluded notice of an event of great import to the successor beneficiaries, such as the termination of their interest, would include notice of an event of little import to the successor beneficiaries, such as the resignation of the Trustee.

Therefore, we affirm the judgment of the circuit court and hold that the court was correct in dismissing the complaint on the grounds that the plaintiffs, Jean H. and Joseph Swiderski, were only given a future beneficial interest under the trust and as such were not beneficiaries as would entitle them to notice under the trust instrument.

Affirmed.

ROMITI, P. J., and LINN, J., concur.